UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER CLIPPARD,

     Plaintiff,

v.                               CASE NO. 8:23-cv-2798-SDM-NHA

THE FISHEL COMPANY,

     Defendant.

_____/

## **ORDER**

     In this class action, Christopher Clippard sues (Doc. 1) the Fishel Company and alleges a violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, by terminating without advance notice approximately sixty-seven employees. The parties announced (Doc. 23) a settlement. Clippard moves (Doc. 26), unopposed, (1) for preliminary approval of a proposed settlement agreement, (2) for preliminary certification of a settlement-only class, (3) for approval of the class notice, and (4) or a hearing to assess the fairness of the settlement agreement. Under the settlement, Fishel will establish a $150,000 "settlement fund." After accounting for an attorney's fee and reasonable expenses, each class member will receive about $1,417.55. (Doc. 26 at 2)

## 1. Preliminary class certification

The parties propose a class comprising:

> All former employees of Defendant throughout the United States not given a minimum of 60 days' written notice of termination, and whose employment was terminated on or about May 10, 2023, or within ninety days of that date, as a result of a "mass layoff" or "plant closing" as defined by the Workers Adjustment and Retraining Notification Act of 1988.

(Doc. 26 at 17)  The proposed class satisfies the requirements of Rule 23(a), Federal Rules of Civil Procedure.  The class includes at least sixty-seven people, and each proposed class member, like Clippard, can assert a claim for improper notice of termination.  Clippard's claims in this action appear typical of the claims of other class members, and nothing in the record suggests that Clippard will not fairly and adequately protect the interests of the class members.

Also, common questions of law and fact predominate over individualized questions.  Fishel terminated without proper notice every class member.  In this instance, a class action pre-empts sixty-seven trials over the same legal and factual questions.  The settlement-only class satisfies Rule 23(b)(3) and avoids the prospect of "intractable management problems."  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997).

## 2. Preliminary approval

If fair, adequate, and reasonable, a class-action settlement merits preliminary approval.  *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) (identifying

considerations pertinent to the fairness of a proposed settlement). The settlement must not result from collusion between the parties or the counsel. *Bennett*, 737 F.2d at 986. Ryan Scott Callen, a mediator certified in the Middle District of Florida, mediated this action, and the record shows no evidence of collusion.

Under the settlement, each class member likely will receive about $1,417.55, an amount larger than other WARN Act class action settlements in the Middle District. (Doc. 26 at 2 n.2) In this circumstance, the settlement appears to resolve this action fairly, adequately, and reasonably.

Additionally, the parties request the appointment of Luis A. Cabassa, Brandon J. Hill, and Amanda E. Heystek, each of whom has served as class counsel in other actions, to represent the class in this action. Because the counsel appear capable of adequately protecting the class, the request warrants granting. Cabassa, Hill, and Heystek are appointed class counsel.

### 3. Class notice

The parties propose mailing a "short form" notice (Doc. 26-3) to each class member. The notice describes the action (including the claims and defenses), defines the class, and explains that a class member may appear through counsel other than class counsel and may "opt out" of the class.

At least two items in the notice appear confusing or unhelpful. The third paragraph of the notice states that the "gross amount payable" to each class member is about $2,223.80, but that amount fails to account for an attorney's fee, costs, and the expense of administering the class settlement. Another sentence in the notice

accurately informs the class that each class member likely will receive about $1,417.55. Unless class counsel intends not to move for an attorney's fee, the parties must replace "gross amount payable" with "gross amount recoverable." Additionally, the notice fails to explain the consequence of not "opting out" of the class. The parties must add an explanation that the settlement binds a class member unless the class member requests exclusion from the class. Excepting these items, the notice warrants approval. After remedying these defects, the parties may mail the notice.

### 4. Opting out

To "opt out" of the class, a class member must request exclusion from the class in a written notice to the class administrator postmarked no later than **APRIL 18, 2025**.

### 5. Objecting

If a class member objects to the settlement, the prospective attorney's fee, or a settlement expense, the class member must mail a written objection to the clerk, to the class counsel, and to the defendant's counsel. The respective addresses are:

> Clerk of Court
> Sam M. Gibbons Courthouse
> 801 N. Florida Avenue
> Tampa, Florida 33602
>
> Luis A. Cabassa
> Brandon J. Hill
> Amanda E. Heystek
> Wenzel Fenton Cabassa, PA
> 1110 N Florida Ave
> Suite 300
> Tampa, FL 33602-3343

Christine E. Howard
Fisher & Phillips, LLP
101 E. Kennedy Blvd
Suite 2350
Tampa, FL 33602-5136

The objection must include the name of this action (*Clippard v. The Fishel Company*), the case number (8:23-cv-2798-SDM-NHA), the objector's name, address, and telephone number, and if counsel represents the objector the name and telephone number of the objector's counsel. A class member may object no later than **APRIL 18, 2025**.

### 6. Memorandum and hearing

No later than **JULY 18, 2025**, in a memorandum no longer than twenty-five pages the parties may move for final approval of the settlement, including an attorney's fee for the class counsel, costs, and reasonable expenses.

A fairness hearing is set for 10:00 a.m. on **AUGUST 4, 2025**, in Courtroom 15A of the Sam M. Gibbons Courthouse in Tampa, Florida. A class member need not attend the hearing unless the class member obje

cts to the settlement.

### CONCLUSION

The motion (Doc. 26) for certification of a settlement-only class, for preliminary approval of the settlement, and for leave to notify the class about the settlement is **GRANTED**.  No later than **APRIL 18, 2025**, a class member may object to the settlement or request exclusion from the class.  No later than **JULY 18, 2025**, in a memorandum no longer than twenty-five pages the parties may move for final

- 5 -

approval of the settlement, including an attorney's fee for the class counsel, costs, and reasonable expenses.

ORDERED in Tampa, Florida, on January 15, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE